IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 09-00267-01-CR-W-NKL |
| LISA M. DREW, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION
TO ACCEPT DEFENDANT'S GUILTY PLEA**

On August 24, 2009, I held a change-of-plea hearing after this case was referred to me by United States District Judge Nanette Laughrey. I find that Defendant's plea was voluntary and therefore recommend that it be accepted.

## *I. BACKGROUND*

On August 31, 2009, an information was filed charging Defendant with misappropriation of postal funds, in violation of 18 U.S.C. § 1709. A change-of-plea hearing was held on August 31, 2009. Defendant was present, represented by appointed counsel Larry Pace. The government was represented by Assistant United States Attorney Jane Brown. The proceedings were recorded and a transcript of the hearing was filed on September 1, 2009.

## *II. AUTHORITY OF THE COURT*

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. See Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991); Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. Torres, 258 F.3d at 795. Applying the Peretz holding and adopting the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. (quoting Williams, 23 F.3d at 633). Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for

2

approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the District Court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### III. FINDINGS OF FACT

1. The parties consented to the delegation of the change of plea to the magistrate judge (Tr. at 5-6).

2. On August 31, 2009, an information was returned charging Defendant with misappropriation of postal funds, all in violation of Title 18 United States Code, Section 1709 (Tr. at 4,7-9). Defendant executed a waiver of the indictment (Tr. at 4-5). The court read the charge against Defendant and Defendant indicated that she understood the nature of the charge (Tr. at 8).

3. The statutory penalty for misappropriation of postal funds is not more than five years imprisonment, a fine of up to $250,000, a supervised release term of not more than three years, and a $100 mandatory special assessment fee (Tr. at 8-9). Defendant was informed of the penalty range and indicated that she understood (Tr. at 8-9).

4. Defendant was advised of the following:

   a. That she has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 9);

   b. That she has the right to assistance of counsel throughout the trial (Tr. at 9-10);

  c. That Defendant's attorney would have the opportunity to cross-examine the government's witnesses (Tr. at 10);

  d. That Defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that Defendant may not testify at trial (Tr. at 10-11);

  e. That Defendant has the right to subpoena witnesses to testify on her behalf (Tr. at 11); and

  f. That Defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 11-12).

5. Defendant was informed and understood that by pleading guilty, she was giving up all of the rights described above (Tr. at 12).

6. Defendant was informed that during the change-of-plea proceeding, she would be placed under oath and questioned by counsel and the judge (Tr. at 12-13). Defendant was further informed that she must answer questions truthfully while under oath (Tr. at 13). Defendant stated that she understood (Tr. at 13).

7. Government counsel stated that this has been an open file case (Tr. at 6-7, 13). If this case were to be tried, the government's evidence would be that in December of 2008, a postmaster in Clinton, Missouri, received a complaint from a postal customer regarding mail that was not received from Rural Route 2; Rural Route 2 was the route that was carried by Defendant as a substitute carrier (Tr. at 13-14). In particular, the postal customer stated she mailed a $150 Wal-Mart card inside of a greeting card to a postal customer living in Clinton, Missouri (Tr. at 14). Neither the card nor the gift card arrived (Tr. at 14). The postmaster contacted Wal-Mart and determined

the card had been negotiated (Tr. at 14). A Wal-Mart surveillance video revealed Defendant had used the gift card (Tr. at 14). Defendant eventually admitted she had looked through greeting cards for gift cards and taken Netflix DVDs (Tr. at 14). A search of Defendant's home revealed thirty-seven DVDs, a stolen Blockbuster DVD, and at least twenty-six rifled greeting card in the trash (Tr. at 14). The government also stated it had evidence that Defendant attempted to destroy evidence (Tr. at 14-15).

8. Defense counsel stated that he had reviewed the government's file and confirmed from his own independent investigation that it was wise for his client to plead guilty (Tr. at 13, 15).

9. Defendant was placed under oath (Tr. at 15). Defendant stated that between December 12, 2008 and February 10, 2009, she was employed by the United States Postal Service in Clinton, Missouri (Tr. at 16). She did not dispute that the Postal Service was an independently established branch of the United States government (Tr. at 16). During her employment with the Postal Service, Defendant intentionally took items from the United States Mail that did not belong to her (Tr. at 16, 17). These items included greeting cards, gift cards and Netflix (Tr. at 16). At the time Defendant opened those mail matters and took items out, she knew she was not entitled to the items (Tr. at 17). Defendant knew what she was doing was wrong (Tr. at 17).

10. Defendant had reviewed and discussed the plea agreement with her attorney and understood the terms of the agreement (Tr. at 17-18). I then reviewed the terms of the plea agreement with Defendant (Tr. at 18-26). All promises made by the government were contained within the plea agreement (Tr. at 26).

11. No one had made any threats or any other promises in order to get Defendant to plead guilty (Tr. at 26).

5

12. Defendant was satisfied with Mr. Pace's performance (Tr. at). Mr. Pace has not done anything Defendant did not want him to do (Tr. at 26-27). There is nothing Defendant asked Mr. Pace to do that he did not do (Tr. at 27).

13. Defendant is 41 years old (Tr. at 27). She received a high school education (Tr. at 27). Defendant has no physical or mental health concerns that would prevent her from entering an intelligent and voluntary plea of guilty (Tr. at 34-35). Defendant was not under the influence of drugs or anything else that would cloud her ability to intelligently waive her right to a jury trial (Tr. at 27).

14. Defendant tendered a plea of guilty to the crime charged in the information (Tr. at 28).

## V. ELEMENTS OF THE CHARGED OFFENSE

The elements necessary to sustain a conviction for making a false statement in a passport application include: (1) the defendant was a United States Postal Service employee; and (2) the defendant intentionally stole, abstracted or removed items intended to be carried by United States Mail. 18 U.S.C. § 1709; United States v. Rush, 551 F. Supp. 148, 151 (D. Iowa 1982).

## V. CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a magistrate judge for issuance of a report and recommendation on whether Defendant's guilty plea should be accepted.

2. Defendant has consented to having her plea taken by a magistrate judge.

3. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crime charged in the information.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting Defendant's guilty plea and adjudging Defendant guilty of the offense charged.

                                                         */s/ Robert E. Larsen*
                                                        ROBERT E. LARSEN
                                                        United States Magistrate Judge

Kansas City, Missouri
September 8, 2009